UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

CARLOS BRITO,

    Plaintiff,

v.

SUNSET OPPORTUNITIES B1, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SUNSET OPPORTUNITIES B1, LLC (hereinafter referred to herein as "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, SUNSET OPPORTUNITIES B1, LLC, owned and operated a commercial shopping mall located at 5701 SW 72nd Street, South Miami, Florida 33143 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

5. At all times material, Defendant, SUNSET OPPORTUNITIES B1, LLC, was a Foreign Limited Liability Company with its principal address at 600 Brickell Avenue, Suite 2500, Miami, Florida 33131 and is registered to conduct business in the State of Florida.

6. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property, and/or businesses operated therein, is/are located in Miami-Dade County, Florida; Defendant regularly conducts business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

7. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to

2

his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

11. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13. Defendant, SUNSET OPPORTUNITIES B1, LLC, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and all common areas within the Commercial Property located in Miami Dade County, Florida that is the subject of this Action.

14. The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the commercial property, to include a visit to the Commercial Property and business located within the Commercial Property on or about April 17, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there and is near other businesses and restaurants he frequents as a patron.

15. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

16. The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

17. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

18. Defendant, SUNSET OPPORTUNITIES B1, LLC, owns and/or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, SUNSET OPPORTUNITIES B1, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, SUNSET OPPORTUNITIES B1, LLC, owns and/or operates is the Commercial Property and/or Business located at 5701 SW 72nd Street, South Miami, Florida 33143.

19. Defendant, SUNSET OPPORTUNITIES B1, LLC, as landlord of the commercial property is liable for all the violations listed in this Complaint.

20. Plaintiff, CARLOS BRITO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the services available at the Commercial Property, but to assure himself that the Commercial Property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

21. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO DEFENDANT SUNSET OPPORTUNITIES B1, LLC

22. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, SUNSET OPPORTUNITIES B1, LLC, has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Parking</u>

i. There are accessible parking spaces with signs that are mounted too low, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the elements that are required to be readily accessible and usable by persons with disabilities, violating 28 CFR 36.211.

iii. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility.

       These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vii. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Public Restrooms</u>

i. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not exit the restroom without assistance, as the required

maneuvering clearance is not provided on the push side. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**BARNES & NOBLE BOOKSELLERS**

A. Access to Goods and Services

  i. There is seating provided at the café within the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

  i. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The Plaintiff could not use the toilet seat cover dispenser without assistance as it is

9

mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

24.     Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA listed herein and barriers to access identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

25.     The Plaintiff has been denied access to, and has been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant, Defendant's buildings, business, and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

26.     Defendant has discriminated against the individual Plaintiff by denying him access

to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff

or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates its business(es), located at and/or within the commercial property located at 5701 SW 72nd Street, South Miami, Florida 33143, the interiors, exterior areas, and the common exterior areas of the Commercial Property, and businesses named herein, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 18, 2024.

                                        Respectfully submitted,

**GARCIA-MENOCAL P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mail: amejias@lawgmp.com
aquezada@lawgmp.com; jacosta@lawgmp.com

By: ___/s/ Beverly Virues_____
    BEVERLY VIRUES
    Florida Bar No.: 123713
    ARMANDO MEJIAS
    Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: ___/s/ Ramon J. Diego_____
    RAMON J. DIEGO
    Florida Bar No.: 689203